UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICKY M. NICHOLS,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

CASE NO. C14-5139 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 23), and Plaintiff Nicky Nichols's ("Nichols") objections to the R&R (Dkt. 24).

On September 24, 2014, Judge Strombom issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision that Nichols was not disabled. Dkt. 23. On October 8, 2014, Nichols filed objections. Dkt. 24. On October 22, 2014, the Government responded. Dkt. 25. On October 23, 2014, Nichols replied. Dkt. 26.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Nichols argues that the ALJ did not provide specific and legitimate reasons for rejecting the opinion of her treating physician, Dr. Jackson. Dkt. 24 at 4. Nichols contends that the ALJ gave orthopedic reasons for rejecting Dr. Jackson's opinion, while fibromyalgia and depression were the key limiting impairments. *Id.*

"A treating physician's opinion is entitled to 'substantial weight.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). When the evidence in the record contradicts the treating physician's opinion, the ALJ must give "specific and legitimate reasons supported by substantial evidence in the record" for discounting the opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). Finally, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

1     In this case, the ALJ gave little weight to Dr. Jackson's opinion.  AR 32.  The ALJ
2 discounted Dr. Jackson's opinion because it was "inconsistent with the objective medical
3 evidence."  AR 33.  The ALJ explained that Nichols "demonstrated relatively mild
4 limitations during physical examinations."  *Id.*  The ALJ further noted that "there is no
5 objective medical evidence to support restrictions in reaching for both upper extremities."
6 *Id.*  Judge Strombom similarly determined that Dr. Jackson's opinion was not supported
7 by objective clinical findings.  *See* Dkt. 23 at 6–7.

8     The Court agrees with Judge Strombom's disposition.  Although Dr. Jackson is
9 Nichols's treating physician, the ALJ gave specific and legitimate reasons for rejecting
10 his opinion.  *See* AR 32–33.  These reasons are supported by substantial evidence in the
11 record, which was cited and thoroughly discussed by both the ALJ and Judge Strombom.
12 *See id.*; Dkt. 23 at 6–7.  Accordingly, the ALJ did not err by discounting Dr. Jackson's
13 opinion.

14     Therefore, the Court having considered the R&R, Nichols's objections, and the
15 remaining record, does hereby find and order as follows:

16     (1)   The R&R is **ADOPTED**;

17     (2)   The ALJ's decision is **AFFIRMED**; and

18     (2)   This action is **DISMISSED**.

19     Dated this 8th day of December, 2014.

21                              BENJAMIN H. SETTLE
                                 United States District Judge